BAULER et al. v. PRESSED STEEL CAR CO., Inc.

No. 46 C 185.

United States District Court N. D. Illinois. E. D.

Sept. 23, 1948.

George B. Craven and Edward J. Mc-Laughlin, both of Chicago, Ill., for plaintiffs.

Thorp, Bostwick, Reed & Armstrong, of Pittsburgh, Pa., and A. J. Kuhn, of Chicago, Ill., for defendant.

CAMPBELL, District Judge.

The matters presently pending before the court are (1) the plaintiffs' motion for leave to file their third amendment to the amended complaint, and (2) certain claims of guard sergeants which were not disposed of in the court's memorandum opinion of May 27, 1948.

1. The basis of plaintiffs' motion to amend their complaint after the trial is primarily Federal Civil Rule 15(b), 28 U.S. C.A., which applies to amendments to conform to the evidence and allows such motion to be made "even after judgment." The plaintiffs' proposed amendment pleads that the activities performed by them before and after their regular shift were compensable either by an express provision of a contract or by custom or practice in effect at the time of such activity at the defendant's establishment, and that other overtime activities of the guard sergeants in addition to activities performed before and after their regular shift were similarly compensable. The defendant's objection is, first, that such amendment should be made only to conform to the proof, that since the court has already ruled against the plaintiffs, such amendment would conform not to the proof but to what the plaintiffs had hoped the proof would be, and that such amendment is intended by the Rules merely to allow the successful litigant to avoid technical defeat of a meritorious claim; and second, that such amendment pleads a new cause of action barred by the two-year statute of limitations in Sec. 6 of the Portal Act, 29 U.S.C.A. § 255.

Rule 15(b) allows an amendment to conform to the evidence to be made by "any party"; it is not limited to motions by successful litigants. There is, of course, no point in allowing an unsuccessful plaintiff to amend the complaint after the case has been completely decided merely to plead issues which have already been decided against him on the basis of defenses pleaded by his adversary. In the instant case, however, the Portal-to-Portal Act, 29 U.S.C.A. § 251 et seq., was passed after the filing of this suit. This act added both substantive and jurisdictional requirements as additional prerequisites to suits by employees under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. It follows that an amendment pleading these requirements does not set forth a new cause of action. Because of the retroactive operation of the Portal Act, the amendment to the pleading similarly operates retroactively and therefore is not barred by the statute of limitations. If this motion had been made before the court ruled on part of the case, there could have been no objection because the plaintiffs would merely have been correcting defects in their pleadings by adding the substantive and jurisdictional allegations necessary to state a claim for relief. As to the claims still pending before the court, the amended complaint is technically defective in lacking these allegations, although evidence concerning the alleged contract, custom or practice at the defendant's plant has been heard. If the court should find the remaining issues for the plaintiffs, it would then be necessary for them to move to amend the complaint to remedy the technical defect which the defendant admits would then exist. In order therefore that the plaintiffs' pleading may allege the substantive and jurisdictional facts necessary to support their claim for relief on the issues pending

before the court, the plaintiffs' motion to file a third amendment to the amended complaint is granted with respect to the paragraph to be added to paragraph VIII of Count II, which presents the claims of the guard sergeants, part of which claims are still pending. The motion is denied with respect to the paragraphs sought to be added to paragraph VI of Count I and to paragraph VII of Count II, which relate to time spent before and after the regular shift for the purpose of changing uniforms and in other miscellaneous duties, which are the issues already decided adversely to the plaintiffs in the court's prior memorandum.

■ 2. The remaining claims of the guard sergeants are for overtime activities in pursuance of their regular duties and are not for such "portal" activities as changing uniforms. These claims are therefore based on contract, and hence are not affected by the defendant's eighth and ninth defenses based on the Portal Act which were sustained by the court's memorandum of May 27, 1948.

■ The other legal defenses which have not been ruled on by the court are based on both the Fair Labor Standards Act and the Portal Act. Under the former act, the defendant pleads (1) that the plaintiffs were not engaged in an activity necessary to the production of goods for commerce because the defendant was engaged in the processing of government materials into military supplies, such production not being the production of goods within the meaning of Section 3(i) of the Fair Labor Standards Act, 29 U.S.C.A. § 203(i), and because the shipment of such supplies across state lines is not commerce; and (2) that the guard sergeants were exempt from the overtime provisions of the Fair Labor Standards Act under Section 13 thereof, 29 U.S.C.A. § 213, as executive or administrative employees. Under the Portal Act, the defendant pleads Section 9, 29 U.S.C.A. § 258, which protects an employer against liability for failure to pay minimum wages or overtime compensation if his act or omission was in good faith in reliance on an administrative regulation, order, ruling, approval, or interpretation or any administrative practice or enforcement policy; and, in the alternative, Section 11,

29 U.S.C.A. § 260, which gives the court discretion not to award liquidated damages if the employer's act or omission was in good faith and on reasonable grounds for belief that his act or omission was not a violation of the Fair Labor Standards Act.

The defendant's contention that the production of war material is not the production of goods for commerce must be decided adversely to it on the authority of Bell v. Porter, 7 Cir., 1946, 159 F.2d 117, certiorari denied 1947, 330 U.S. 813, 67 S.Ct. 1092, 91 L.Ed. 1267. In that case the defendants, who were independent contractors, operated an ordnance plant owned by the Government, which also owned and furnished the defendants all the components used at the plant in the manufacture of munitions. All munitions produced at the plant were shipped to various army installations throughout the United States. The defendants contended that the shipment of Government-owned goods across state lines by the Government is an administrative act of the sovereign and is not interstate commerce, and that the word "commerce" as used in the commerce clause means business commerce. The court held (1) that a contractor engaged in war production for the Government is not an agent of the Government and does not share the Government's sovereign immunities; (2) that the constitutional meaning of interstate commerce is not limited to interstate trade, and that the type of interstate shipment involved in the case brought the plaintiffs within the scope of the Fair Labor Standards Act.

■ Next, I do not think that guard sergeants are executive or administrative employees. On the face of it, I do not see how it can be seriously contended that this exemption can reach down through the heirarchy of a plant protection system to include as executives all except the lowest echelon of employees. The sergeants' job was to see that the guards on post obeyed the orders prepared by those responsible for organizing the system of plant protection. The sergeants had no more discretion than the guards to originate those plans. The sergeants were not given discretion with respect to hiring and firing guards. Both the sergeants and the guards were assigned to

particular shifts by those in authority, and the sergeants' power in this respect was only to report breaches of duty by guards and, if necessary, to order them relieved from duty if their condition rendered impossible their performance of duty on a particular shift. I likewise cannot accept on its face the defendant's argument that each of the three shifts of guards constituted a subdivision of the plant protection department and that the sergeants were the executives in charge of each subdivision.

Furthermore, I do not think that the defense based on Section 9 of the Portal Act is well taken. The defendant's point is that at different times, two inspectors of the Wage and Hour Division agreed, or at least acquiesced, in its classification of the guard sergeants as executive employees not entitled to overtime compensation, and that this action constitutes an administrative approval within the meaning of Section 9. I think that the words "administrative regulation, order, ruling, approval, or interpretation" must be read in the light of the familiar principle of ejusdem generis. It would not be contended that an inspector of the Wage and Hour Division could issue an administrative regulation; in all administrative agencies, that is a function of the head of the agency. On the same principle, I think that an employer, to come within the protection of an administrative approval or interpretation, must have followed the familiar routine of submitting a particular problem to the head of the agency for a ruling or opinion. An opinion letter of the head of the agency or his counsel, ruling on the question, interpreting the section of the statute in question in the light of the facts of the employer's situation, or approving the employer's interpretation of the law, would come within the meaning of this section. I think nothing less will do. Likewise, the action of a few inspectors does not establish an administrative practice or enforcement policy. Since I do not sustain this defense, it is unnecessary to pass on the plaintiffs' contention that Section 9 of the Portal Act is unconstitutional.

Although I do not think that under Section 9 employees are to be deprived of their legal right to overtime compensation because of a mistake of law of a minor official of the agency, I think that such a mistake, and the defendant's reliance in good faith upon it, does protect the defendant from liability for liquidated damages, under Section 11 of the Portal Act. I do not agree with plaintiffs' contention that an employer, although having good reason from the words or actions of a Wage and Hour inspector to believe that its classification of employees was in conformity with the law, must then bolster its position by getting an opinion from its own counsel to the same effect, as a condition of acting in good faith. The plaintiffs' objection that this section deprives the plaintiffs of property without due process of law in violation of the Fifth Amendment must be overruled for the reasons set forth in the court's memorandum of May 27, 1948. Other points raised by the plaintiffs relate to the admissibility of certain evidence on which this defense is based, and which has been ruled on at the trial.

I therefore find that plaintiff sergeants are entitled to recover only for unpaid overtime compensation, and attorney's fees. On this aspect of the case, counsel for the plaintiffs may prepare and submit to the court, in writing, within 20 days of this date, proposed findings of fact, conclusions of law and a draft of a proposed judgment, with the amount of attorney's fees to be inserted by the court, delivering a copy to counsel for the defendant. The findings of fact should include the facts on which the defense under Section 11 of the Portal Act is based. Within 20 days, thereafter, counsel for the defendant may prepare and submit to the court, in writing, his observations with reference thereto and suggestions for the modification thereof, delivering a copy of such observations to counsel for the plaintiffs. Within ten days thereafter counsel for the plaintiffs may present to the court, in writing, his reply to such observations and suggestions. Whereupon the matter of making findings of fact, conclusions of law and the entry of a judgment will be taken by the court without further argument.